## GILIUSON, ELLINGSEN & ERICKSON, INC. v. P. K. PRIEST AND ANOTHER.[1]

March 25, 1927.

No. 25,905.

**Verdict in favor of plaintiff architects sustained by evidence.**

1. Suit for architect's fees. Defense that building could not be constructed within cost limit fixed by owner. The verdict determined that no cost limit had been fixed, and is sustained by the evidence.

**Instruction as to right of recovery immaterial where cost limit is fixed.**

2. No cost limit having been fixed, whether the court correctly stated the rule limiting the right to recover where a cost limit is fixed became immaterial.

**Defendant cannot complain that jury found reasonable value less than agreed price.**

3. Where the jury is permitted to find the reasonable value instead of the agreed price and allows less than the agreed price, defendant cannot complain.

Appeal and Error, 4 C. J. p. 650 n. 37 New; p. 859 n. 7; p. 922 n. 75.

[1]Reported in 213 N. W. 47.

Action in the district court for St. Louis county to recover for architect's fees. The case was tried before Fesler, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*E. L. Gruber* and *Jenswold, Jenswold & Dahle,* for appellant.

*Fryberger, Fulton, Hoshour & Boyle,* for respondent.

TAYLOR, C.

Plaintiff is a corporation composed of architects engaged in the practice of their profession under that corporate name. Defendant Service Motor Company is also a corporation of which defendant Priest is the president and practically the owner. Although named as a defendant, the action was dismissed as to Priest and the term defendant will designate the corporation only. The transactions leading to this litigation were conducted on the part of defendant by Priest and on the part of plaintiff by E. R. Erickson, one of its members. Defendant employed plaintiff to prepare plans and specifications for a two-story fireproof building to be erected in the city of Duluth for a garage and automobile salesroom. Plaintiff prepared full plans and detailed specifications. Additional plans and specifications were also prepared covering the changes necessary to make the building three stories instead of two. When the plans were ready they advertised for bids. The lowest bids received were $137,383 for erecting the two-story building and $171,851 for the three-story building exclusive of the cost of rock excavation. Defendant declared these bids much higher than he expected or was able to pay and they were all rejected. Plaintiff suggested certain changes for the purpose of reducing the cost and prepared plans showing the changes, but they were not satisfactory to defendant and the entire project was abandoned. Thereafter plaintiff brought this action for its fees for making the plans and specifications and recovered a verdict of $3,000. Defendant made a motion for judgment or a new trial which was denied. Judgment was entered for plaintiff and defendant appealed.

The parties disagree radically as to the original agreement. Priest asserts that he informed Erickson at the outset that the cost of the

two-story building must not exceed $100,000. Erickson asserts that Priest described the character of the building he wanted without saying anything concerning the cost, and that the matter of limiting the cost to the sum of $100,000 or any other sum was not mentioned.

The jury resolved this issue in favor of plaintiff, which eliminates most of the claims made by defendant as they are predicated on the assumption that defendant had fixed $100,000 as the limit of permissible cost. The evidence is sufficient to sustain the verdict and discussing it would serve no useful purpose.

Defendant contends that the court erred in giving this instruction:

"Where plans and specifications are ordered by an owner of an architect for a building not to cost more than a certain sum of money, or are to be accepted by the owner upon condition that the building can be erected for the sum named, there can be no recovery by the architect unless the building can be erected for an amount reasonably near the stipulated amount."

Both parties devote considerable space to a discussion of the rule applicable in such cases, plaintiff insisting that the rule as given is correct, defendant that it is erroneous in so far as it permits a recovery where the cost is not within the stipulated amount. Both parties concede that the authorities are divided on the question and cite several supporting their respective contentions. We have no occasion to determine the rule in this case, for the court instructed the jury that the cost of the building designed by plaintiff was so largely in excess of $100,000 that plaintiff was not entitled to recover if defendant had informed plaintiff that the cost must be kept within that sum, as claimed by defendant. Under the charge of the court the verdict necessarily determined that defendant had placed no limitation upon the amount which the building should cost.

Defendant questions the amount of the verdict as not in accord with the evidence; and also questions the charge of the court bearing upon the amount of compensation to which plaintiff was entitled, if

entitled to anything. There was evidence, apparently undisputed, that plaintiff was to have three per cent of the lowest bid or estimated cost of the building as its compensation in case the building was not constructed. The court referred to this evidence and to the claim that it was undisputed, and told the jury to take this evidence in connection with all the rest of the evidence "and decide for yourselves what is a fair compensation for the services rendered by the plaintiff."

Defendant contends that plaintiff cannot recover on a quantum meruit where there is an agreed price, and also urges that the charge permitted plaintiff to recover for all work done whether in preparing plans for the original two-story building or in changing such plans to provide for a different building. For the purpose of reducing the cost plaintiff had drawn plans proposing changes in the building, and had estimated that the building as so changed could be constructed for $108,000. Plaintiff based its claim for compensation upon that estimate. The jury in fact allowed plaintiff less than the agreed price whether based on the lowest bid or the lowest estimate for the building. Plaintiff is not complaining and defendant is not in position to do so.

The real controversy between the parties was in respect to the original agreement. The verdict settled that question and it is not open to reconsideration here.

Judgment affirmed.